SILVERMAN, Circuit Judge,
dissenting:
I take as true the petitioner’s declaration accompanying her motion to reopen. She says that on her first meeting with her lawyer, she presented him with an asylum application containing a written account of the persecution she suffered because of her political opinion. She says she thereafter went to his office “several times” and discussed the asylum application with him.
At the hearing before the immigration judge, she recounted her story of political persecution. When asked by her lawyer the open-ended question, “What would happen to you if you went back to Cameroon now?”, she replied, “And if I go back to Cameroon. Then I’ll go back to life in prison. I don’t think that would leave me a life.”
At no time did she disclose to her original lawyer, or to the immigration judge, or to the different lawyer she hired to handle her appeal to the BIA, that she claims to have been the victim of domestic violence — that is, she made no such disclosure until after her political asylum application had been denied, the denial had been affirmed by the Board of Immigration Appeals, and we denied a petition for review.
To succeed now, petitioner has to get past two high hurdles. First, she has to rebut the “strong presumption” that her lawyers were competent. Cullen v. Pinholster, 563 U.S. 170, 196, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011); Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Torres-Chavez v. Holder, 567 F.3d 1096, 1100 (9th Cir.2009) (applying Strickland in immigration setting). In this case, that means that petitioner has to show that her lawyers performed below professional standards in not pursuing a domestic violence claim when she came to them looking for help with a political opinion claim, and never mentioned domestic violence despite several office consultations. Second, she has to show that the BIA abused its discretion in holding that petitioner failed to' show that the lawyers performed deficiently. Petitioner falls short at both levels.
As for rebutting the presumption of professional competence, Petitioner has come forward with no case authority for the proposition that when a client contacts a lawyer seeking help with a claim of asylum premised on political opinion' — and even presents him with a written statement of the factual basis for the claim — the lawyer is duty-bound to suggest to the client other, unrelated bases for asylum. Nor has petitioner come forward with secondary authority for that proposition, such as American Bar Association guidelines or the like. She hasn’t even produced the declaration of an expert in immigration law opining that her lawyers failed to meet the standard of care required of counsel in a case like this.
In other words, there is no legal basis to conclude that the lawyers performed defi-ciently when they prosecuted only the claim they were hired to prosecute. It therefore follows that the BIA did not abuse its discretion in denying the motion to reopen premised on ineffective assistance of counsel. I would deny the petition for review.